Mathews, J.
delivered the opinion of the court. This is a case, in which the appellee, who was plaintiff in the court below, prayed for and obtained an order of seizure and sale of certain mortgaged property, described in this petition and held by the defendant and appellant, by purchase from the mortgagor, as a third possessor. The seizure being ordered, without the creditor having first obtained a judgment against the original debtor and mortgagor, the possessor prayed for an injunction to stay proceedings, which was refused by the court a quo and from this refusal, the present appeal was taken.
How far the provisions of the Spanish law, relative to the via executiva are abrogated by the Civil Code, it is useless in the present case to inquire. The right of a mortgage creditor, whenever the title amounts to a confession of judgment, to proceed in the summary way of seizure and sale, is not to be doubted, as long as the mortgaged property remains in the possession of the original debtor. But, when it is in the hands of a third person, *641 the proceedings must be by an action of mortgage, in conformity with the rules of the Code, which require that the creditor, should before he proceeds against the property, in the hands of the third possessor, obtain a judgment against the original debtor. This rule of proceeding is, we believe, founded on good reason, but whatever may be the reasons which induced it, they are not here to be inquired into. Civ. Code 462.
Baldwin for the plaintiff, the defendant, in propria personnâ,
It is, therefore, ordered, adjudged and decreed that the judgment of the district court be annulled, avoided and reversed, and it is further ordered that the plaintiff and appellee be enjoined from all further proceedings on said order of seizure. Knight vs. Hall, 7 Martin, 410, Tessier vs. Hall, ibd. 411.